# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1446
Lower Tribunal No. 19-27769
_____

**Sobers Brooks,**
Appellant,

vs.

**Renita Henry, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine, Judge.

Sobers Brooks, in proper person.

Law Office of John E. Korf, and Thomas A. Conrad (Plantation), for appellee.

Before LOGUE, GORDO, and LOBREE, JJ.

PER CURIAM.

Sobers Brooks, pro se, appeals the trial court's order dismissing his second amended complaint with prejudice. Brooks attempted to allege

"Fraud by Omission" against his former attorney. Renita Henry represented Brooks in a family law matter when she sent an email to opposing counsel with her proposed child support index calculation ahead of a hearing to set temporary child support. The index did not include deductions for Brooks' State and City taxes (Wilmington, DE) or for his Mandatory Retirement deductions. The body of the email points out these omissions and refers to the document as "still not completely accurate." This email was attached to Brooks' fraud complaint. Shortly after the hearing, Henry withdrew from the case before completing any updates to the index.

To prove a fraudulent misrepresentation claim, a plaintiff must show that: "(i) the defendant made a false statement of material fact; (ii) the defendant knew or should have known the representation was false; (iii) the false representation was made with the intent that it would induce the plaintiff to act; and (iv) the plaintiff suffered resulting damages in reliance upon the representation." Philip Morris USA Inc. v. Principe, 46 Fla. L. Weekly D2089 (Fla. 3d DCA Sept. 22, 2021).

Brooks has not and cannot state a claim for fraud based on Henry's email to opposing counsel. First, there is no false statement or omission. While Henry's email did omit certain calculations, this fact, and Henry's intention to later update the child support index, was explicitly stated in the

2

body of the email. Also, Brooks cannot contend that Henry intended anyone to rely on the index to act when the email including the index clearly stated that it was "not completely accurate" and pointed out the missing information. Finally, Brooks cannot claim to have relied on the omission because Brooks had knowledge of the missing calculations and was otherwise informed the index was incomplete.

Brooks also states in his table of contents and summary of the argument that Henry's email was a breach of section 61.30(2)(a)(d) and the Fourteenth Amendment. Section 61.30 governs child support guidelines and therefore has no applicability in this case alleging fraud. Further, there is nothing in that statute that grants Brooks either a private right or a private right of action. As to the Fourteenth Amendment, Brooks fails to state how his constitutional rights were impacted. It is not a constitutional violation to dismiss a complaint for failure to state a cause of action, see Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Henry is not a state actor and therefore could not have infringed on Brooks' due process rights.

Brooks does not specifically challenge the trial court's entry of the order with prejudice. Such argument would also have no merit. While the dismissed complaint was only the second amended complaint, it is clear from the complaint and attached documents that any attempt to amend would

3

have been futile. <u>Readon v. WPLG, LLC</u>, 317 So. 3d 1229, 1238 (Fla. 3d DCA 2021) ("Generally, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or the amendment would be futile.").

Affirmed.